UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Rosanna Nunez, and other similarly
situated individuals,

     Plaintiff(s),

Hosanna Home Care Services, Inc.,
and Lillian Rosario,
individually,

     Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
### (OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Rosanna Nunez and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Hosanna Home Care Services, Inc., and Lillian Rosario, and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid regular and overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Rosanna Nunez is a resident of Dade County, Florida, within this Honorable Court Jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Hosanna Home Care Services, Inc. (from now on, Hosanna Home Care, or Defendant), is a Florida Profit Corporation. Defendant has a place of business in Dade County, within this Honorable Court Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4. The individual Defendant Lillian Rosario was and is now the owner/partner/officer and manager of Defendant Corporation Hosanna Home Care. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint occurred in Dade County, Florida, within this Honorable Court's jurisdiction.

General Allegations

6. This cause of action is brought by Plaintiff Rosanna Nunez as a collective action to recover from Defendants regular and overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "Act") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after December 2021, (the "material time") without being adequately compensated.

7. Defendant Hosanna Home Care is a full-service healthcare agency that provides home healthcare services to seniors and individuals with disabilities.

8. Defendant Hosanna Home Care is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r)(1), (2) (A), and 203(s)(1). Defendant is a home healthcare agency that provides home healthcare services to the elderly and infirm. This home healthcare agency is "primarily engaged in the care of the sick, the aged, or the mentally ill" within the meaning of Section 3(s)(1)(B) of the FLSA, and therefore Defendant is an enterprise subjected to FLSA coverage.

9. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a billing clerk using the channels of interstate commerce to perform her work. Plaintiff's work involved billing to government agencies. Therefore, there is FLSA individual coverage.

10. Defendants Hosanna Home Care and Lillian Rosario employed Plaintiff Rosanna Nunez as a non-exempt, full-time employee from approximately January 20, 2020, to July 22, 2023, or more than three years. However, for FLSA purposes, Plaintiff's relevant time of employment is 82 weeks.

11. Plaintiff had duties as a billing clerk.  During her employment with Defendants, Plaintiff worked from home. At the start of her employment, she worked three days per week, from Friday to Sunday, from 8:00 AM to 12:00 AM (16 hours per day), totaling approximately 48 hours per week, for which she was paid $150.00 weekly.

12. Subsequently, the Plaintiff's schedule increased to four days per week, totaling 56 hours weekly, and her weekly pay was raised to $200.00.

13. Eventually, the Plaintiff worked five days per week, a minimum of 60 hours weekly, and received $275.00 as weekly compensation. Throughout her employment, the Plaintiff did not take bona fide lunch breaks.

14. The wages paid to Plaintiff, when divided by the total hours worked, consistently fell below the minimum wage required by the Fair Labor Standards Act (FLSA).

15. While employed by Defendants, Plaintiff did not receive her wages on time on payment day. Plaintiff received partial payments.

16. Furthermore, after March 4, 2022, the Defendants ceased making any payments to the Plaintiff. Despite this, Defendants assured Plaintiff that her overdue wages would be paid soon, and Plaintiff continued working for Defendants.

17. Plaintiff regularly worked more than 40 hours per week but was not compensated for all her regular hours, and she was not compensated for overtime hours, as required by law.

18. Plaintiff did not clock in and out, but Defendants controlled her schedule and activities. Defendants knew the hours that Plaintiff and other similarly situated individuals were working.

19. Therefore, Defendants willfully failed to pay Plaintiff regular and overtime wages, at the rate and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

20. Plaintiff was compensated through cash payments and transfers via Zelle. However, she did not receive a paystub or any other documentation that included essential information such as her wage rate, the number of days and hours worked, or deductions for employee taxes.

21. Plaintiff consistently objected to the lack of proper wage payments and raised her concerns on multiple occasions. Despite her complaints, Defendant Lillian Rosario repeatedly assured Plaintiff that her outstanding wages would be paid soon.

22. On July 2023, Plaintiff was required to train Lillian Rosario's daughter to do the billing. Plaintiff completed the training.

23. On or about July 22, 2023, Plaintiff complained again about unpaid wages. This time Defendants fired Plaintiff the same day.

24. At the time of her firing, Defendants refused to pay Plaintiff her hard-earned wages.

25. At times mentioned, individual Defendant Lillian Rosario was, and is now, the owner/partner and manager of Hosanna Home Care.  Defendant Lillian Rosario was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Hosanna Home Care's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Lillian Rosario had financial and operational control of the business and determined Plaintiff's terms and conditions of employment. Accordingly, she is jointly and severally liable for Plaintiff's damages.

26. Plaintiff Rosanna Nunez seeks to recover unpaid regular wages and overtime compensation for all hours worked in excess of 40 hours per week during her employment. She also seeks liquidated damages and any additional relief permitted by law. Furthermore, Plaintiff seeks reimbursement of a $3,000 loan provided to Defendant Lillian Rosario, which has not been repaid.

Collective Action Allegations

27. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

28. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular and overtime hour worked at the rate of time and one-half their regular rate.

29. This action is intended to include every billing clerk and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

30. Plaintiff Rosanna Nunez re-adopts every factual allegation stated in paragraphs 1-28 above as if set out in full herein.

31. This action is brought by Plaintiff Rosanna Nunez and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

32. Defendants Hosanna Home Care and Lillian Rosario employed Plaintiff Rosanna Nunez as a non-exempt, full-time employee from approximately January 20, 2020, to July 22, 2023, or more than three years. However, for FLSA purposes, Plaintiff's relevant time of employment is 82 weeks.

33. During her employment with Defendants, Plaintiff had duties as a billing clerk. She worked from home. At the start of her employment, she worked three days per week, approximately 48 hours per week, for which she was paid $150.00 weekly.

34. Subsequently, the Plaintiff's schedule increased to four days per week, totaling 56 hours weekly, and her weekly pay was raised to $200.00.

35. Eventually, the Plaintiff worked five days per week, at least 60 hours weekly, and received $275.00 as weekly compensation. Throughout her employment, the Plaintiff did not take bona fide lunch breaks.

36. When divided by the total hours worked, the wages paid to Plaintiff consistently fell below the minimum wage required by the Fair Labor Standards Act (FLSA).

37. While employed by Defendants, Plaintiff did not receive her wages on time on payment day, and she received partial payments.

38. Furthermore, after March 4, 2022, the Defendants ceased making any payments to the Plaintiff. Despite this, Defendants assured Plaintiff that her overdue wages would be paid soon, and Plaintiff continued working for Defendants.

39. Plaintiff regularly worked more than 40 hours per week but was not compensated for all her regular hours, and she was not compensated for overtime hours, as required by law.

40. Plaintiff did not clock in and out, but Defendants controlled her schedule and activities. Defendants knew the hours that Plaintiff and other similarly situated individuals were working.

41. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

42. Plaintiff was compensated through cash payments and transfers via Zelle. However, she did not receive a paystub or any other documentation that included essential information such as her wage rate, the number of days and hours worked, or deductions for employee taxes.

43. On or about July 22, 2023, Defendants fired Plaintiff. Defendants refused to pay Plaintiff back wages at the time of her termination.

44. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

45. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

46. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

47. Plaintiff does not have time and payment records, but she will provide a reasonable good-faith estimate based on her recollections and her knowledge. After discovery, Plaintiff will amend her statement of claim.

a.   Total amount of alleged unpaid O/T wages:

Seventeen Thousand Eight Hundred Twenty-Six Dollars and 80/100 ($17,826.80)

b.   Calculation of such wages:

Total period of employment: more than 3 years
Relevant weeks of employment: 82 weeks
Total number of hours worked: 60 weekly average
Unpaid O/T hours: 20 hours weekly average
Paid: $275.00 weekly: 60 hours=$4.58 an hour
Regular rate: $4.58 an hour
Minimum wage: $7.25 x 1.5=$10.87
Overtime rate: $10.87

$10.87 x 20 O/T hours=$217.40 weekly x 82 weeks=$17,826.80

c.   Nature of wages (e.g., overtime or straight time):

This amount represents unpaid overtime wages.[1]

48. The Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

49. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remained owing to Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

50. Defendants Hosanna Home Care and Lillian Rosario willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by United States law, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

51. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

Prayer for Relief

Wherefore, Plaintiff Rosanna Nunez and those similarly situated respectfully request this Honorable Court:

A. Enter judgment for Plaintiff Rosanna Nunez and other similarly situated individuals and against Defendants Hosanna Home Care and Lillian Rosario  based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Rosanna Nunez actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Rosanna Nunez demands a trial by a jury of all issues triable as of right by a jury.

**<u>COUNT II:</u>**
**<u>FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION:</u>**
**<u>FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS</u>**

52. Plaintiff Rosanna Nunez re-adopts every factual allegation stated in paragraphs 1-28of this Complaint as if set out in full herein.

53. Plaintiff brings this action to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

54. Defendants Hosanna Home Care and Lillian Rosario employed Plaintiff Rosanna Nunez as a non-exempt, full-time employee from approximately January 20, 2020, to July 22, 2023, or more than three years. However, for FLSA purposes, Plaintiff's relevant time of employment is 82 weeks.

55. Plaintiff had duties as a billing clerk. During her employment with Defendants, Plaintiff worked from home. At the start of her employment, she worked three days per week, from Friday to Sunday, from 8:00 AM to 12:00 AM (16 hours per day), totaling approximately 48 hours per week, for which she was paid $150.00 weekly.

56. Subsequently, the Plaintiff's schedule increased to four days per week, totaling 56 hours weekly, and her weekly pay was raised to $200.00.

57. Eventually, the Plaintiff worked five days per week, a minimum of 60 hours weekly, and received $275.00 as weekly compensation. Throughout her employment, the Plaintiff did not take bona fide lunch breaks.

58. The wages paid to Plaintiff, when divided by the total hours worked, consistently fell below the minimum wage required by the Fair Labor Standards Act (FLSA).

59. While employed by Defendants, Plaintiff did not receive her wages on time on payment day, and she received partial payments.

60. Furthermore, after March 4, 2022, the Defendants ceased making any payments to the Plaintiff. Despite this, Defendants assured Plaintiff that her overdue wages would be paid soon, and Plaintiff continued working for Defendants.

61. Plaintiff did not clock in and out, but Defendants controlled her schedule and activities. Defendants knew the hours that Plaintiff and other similarly situated individuals were working.

62. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

63. Plaintiff was compensated through cash payments and transfers via Zelle. However, she did not receive a paystub or any other documentation that included essential information such as her wage rate, the number of days and hours worked, or deductions for employee taxes.

64. On or about July 22, 2023, Defendants fired Plaintiff.

65. At the time of her firing, Defendants refused to pay Plaintiff her hard-earned wages.

66. A significant number of hours worked were left uncompensated, with no payment provided, not even at the minimum wage rate mandated by the FLSA.

67. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated individuals.

68. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

69. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 USC § 516.4.

70. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

a. Total amount of alleged unpaid wages:

Thirty-Two Thousand Three Hundred Seventy-Two Dollars and 40/100 ($32,372.40)

b. Calculation of such wages:

Total period of employment: more than 3 years
Relevant time of employment: 82 weeks
Total number of hours worked: 60 hours
Paid: $275.00 weekly: 60 hours worked=$4.58
Regular rate: $4.58
Federal minimum wage: $7.25-$4.58=$2.67 Minimum wage difference

**1.- Minimum wages for 12 weeks paid at $4.58 an hour**
Relevant number of weeks: 12 weeks
Total hours worked: 60 hours weekly
Regular rate: $4.58 an hour
Federal minimum wage: $7.25-$4.58=$2.67 Minimum wage difference

$2.67 x 60 hours=$160.20 weekly x 12 weeks= $1,922.40

**2.- Minimum wages for 70 weeks paid at $0.00**
Relevant number of weeks: 70 weeks
Total hours worked: 60 hours weekly
Regular rate paid: $0.00
Federal minimum wage: $7.25

$7.25 x 60 hours weekly=$435.00 weekly x 70 weeks=$30,450.00

Total #1 and #2: $32,372.40

c. <u>Nature of wages:</u>

This amount represents regular unpaid wages at the federal minimum wage rate.[2]

71. Defendants unlawfully failed to pay minimum wages to Plaintiff. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remained owing Plaintiff these minimum wages.

---

[2]At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations. Plaintiff has not deducted a partial payment of $1,000.00 received on 3/04/23.

72. Defendants Hosanna Home Care and Lillian Rosario willfully and intentionally refused to pay Plaintiff minimum wages as required by United States law and remains owing Plaintiff these minimum wages as set forth above.

73. Plaintiff has retained the law offices of the undersigned attorney to represent her individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 USC § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

### Prayer for Relief

Wherefore, Plaintiff Rosanna Nunez respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against Defendants Hosanna Home Care and Lillian Rosario, based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

### Demand for a Jury Trial

Plaintiff Rosanna Nunez and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;**
**PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS**

74. Plaintiff Rosanna Nunez re-adopts every factual allegation stated in paragraphs 1-25 of this Complaint as if set out in full herein.

75. Defendant Hosanna Home Care was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

76. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

77. 29 USC § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

78. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

79. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

80. Defendants Hosanna Home Care and Lillian Rosario employed Plaintiff Rosanna Nunez as a non-exempt, full-time employee from approximately January 20, 2020, to July 22, 2023, or more than three years. However, for FLSA purposes, Plaintiff's relevant time of employment is 82 weeks.

81. Plaintiff had duties as a billing clerk.  During her employment with Defendants, Plaintiff worked from home. At the start of her employment, she worked three days per week, approximately 48 hours per week, for which she was paid $150.00 weekly.

82. Subsequently, the Plaintiff's schedule increased to four days per week, totaling 56 hours weekly, and her weekly pay was raised to $200.00.

83. Eventually, the Plaintiff worked five days per week, at least 60 hours weekly, and received $275.00 as weekly compensation. Throughout her employment, the Plaintiff did not take bona fide lunch breaks.

84. The wages paid to Plaintiff, when divided by the total hours worked, consistently fell below the minimum wage required by the Fair Labor Standards Act (FLSA).

85. While employed by Defendants, Plaintiff did not receive her wages on time on payment day, and she received partial payments.

86. Furthermore, after March 4, 2022, the Defendants ceased making any payments to the Plaintiff. Despite this, Defendants assured Plaintiff that her overdue wages would be paid soon, and Plaintiff continued working for Defendants.

87. Plaintiff regularly worked more than 40 hours per week but was not compensated for all her regular hours, nor was she compensated for overtime hours, as required by law.

88. Plaintiff did not clock in and out, but Defendants controlled her schedule and activities. Defendants knew the hours that Plaintiff and other similarly situated individuals were working.

89. Therefore, Defendants willfully failed to pay Plaintiff regular and overtime wages, at the rate and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

90. Plaintiff was compensated through cash payments and transfers via Zelle. However, she did not receive a paystub or any other documentation that included essential information such as her wage rate, the number of days and hours worked, or deductions for employee taxes.

91. Plaintiff consistently objected to the lack of proper wage payments and raised her concerns on multiple occasions. Despite her complaints, Defendant Lillian Rosario repeatedly assured Plaintiff that her outstanding wages would be paid soon.

92. These complaints constituted protected activity under the FLSA.

93. On or about July 2023, Plaintiff was required to train Defendant Lillian Rosario's daughter to do the billing, and Plaintiff completed the training.

94. On or about July 22, 2023, Plaintiff complained again about unpaid wages.

95. This complaint constituted protected activity under the FLSA.

96. However, as a direct result, Defendants fired Plaintiff the same day, July 22, 2023.

97. At the time of her firing, Defendants refused to pay Plaintiff her hard-earned wages.

98. At the time of her termination, Plaintiff was performing the essential functions of her position satisfactorily. There was no other reason than retaliation to fire her.

99. There is close proximity between Plaintiff's protected activity and her termination.

100. The motivating factor that caused Plaintiff's discharge, described above, was her complaint seeking unpaid overtime hours from Defendants. In other words, Plaintiff would not have been fired but for her complaints about unpaid overtime wages.

101. Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

102. Plaintiff Rosanna Nunez has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable Attorney's fees.

Prayer For Relief

Wherefore, Plaintiff Rosanna Nunez respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Hosanna Home Care and Lillian Rosario that Plaintiff Rosanna Nunez recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order Defendants Hosanna Home Care and Lillian Rosario  to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Rosanna Nunez further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Rosanna Nunez demands a trial by a jury of all issues triable as a right by

Date: February 11, 2025

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*